**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nels Leslie Madsen,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>　　　　　　　Defendant. | No. CV-13-08300-PCT-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Nels Leslie Madsen seeks judicial review of the Commissioner's decision finding him not disabled within the meaning of the Social Security Act. Doc. 16. The Court will affirm the decision.

**I.   Background.**

Plaintiff applied for disability and supplemental security insurance benefits in September 2010, alleging disability beginning in January 2008. Doc. 17 at 1. After a hearing on September 25, 2012, an administrative law judge ("ALJ") issued an opinion on November 28, 2012, finding Plaintiff not disabled (A.R. 13-24). Plaintiff's request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision. Doc. 17 at 1.

**II.  Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

### A.     Five-Step Sequential Evaluation.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act and that he has not engaged in substantial gainful activity since September 15, 2010. At step two, the ALJ found that Plaintiff has the following impairments which are severe when considered in combination: "low back pain due to degenerative changes; leg pain, status-post a motorcycle accident in January 2012 resulting in tibial plateau fracture, treated initially with external fixation and later open reduction, internal fixation, and status-post another motorcycle accident in August 2012; gastroesophageal reflux disease (GERD); mild to moderate degenerative changes of the bilateral hips; depression; and drug and alcohol abuse, in questionable remission[.]" A.R. 15. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform light work with restrictions as defined in 20 C.F.R.. § 416.967(b). The ALJ found that Plaintiff has postural restrictions and is unable to climb, squat, kneel, crouch, or crawl, has lower extremity limitations consisting of no use of the legs or feet for pushing or pulling of foot or leg controls; needs a sit/stand option which allows him to alternate between sitting and standing while still performing his job duties; and is limited to unskilled work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

**III.    Analysis.**

Plaintiff argues that the ALJ erred in rejecting the opinions of two treating physicians, Drs. Nudelman and Heiner. Doc. 16 at 8.

**A.    Legal Standard.**

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th

Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

### B. Dr. Nudelman.

Dr. Nudelman opined that Plaintiff was limited to a range of sedentary work. A.R. 270-72. More specifically, he opined that Plaintiff could never carry or lift more than 10 pounds, could never climb, and could only occasionally stoop, squat, or crawl. *Id.* Dr. Nudelman also opined that Plaintiff's pain and fatigue moderately affected his ability to function. *Id.* at 272.

The ALJ stated that Dr. Nudelman's opinion was "contradicted by the opinions of other physicians of record" (A.R. 22), but did not specifically identify any contradictory opinions. The Court need not determine whether the ALJ identified contradictory

evidence elsewhere in his opinion because, in any event, the ALJ provided clear and convincing reasons to discount Dr. Nudelman's opinion.

Dr. Nudelman's assessment form was completed on September 1, 2011. A.R. 270-72. The ALJ noted that Dr. Nudelman's treatment notes from the same day contained the following statements: "The patient wanted me to fill out a disability form for him. I do not have the expertise to do this. Basically I had asked him his opinion with regard to the questions and I answered them." A.R. 22 (citing A.R. 273). The ALJ properly discounted this opinion: "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *See Thomas*, 278 F.3d at 957.

The ALJ further noted that Dr. Nudelman's progress notes do not support his opinion. A.R. 22. The Court agrees. Plaintiff identifies no treatment records that support the doctor's opinion, and the treatment records reviewed by the Court do not contain any information that would support the limitations stated on the September 2011 form. *See* A.R. 258-61, 273-78. The ALJ provided clear and convincing reasons for rejecting Dr. Nudelman's opinion.

### C.     Dr. Heiner.

Dr. Heiner, Plaintiff's orthopedic surgeon, opined that Plaintiff was unable to perform even sedentary work due to his leg injuries. A.R. 314-16. The actual form completed by Dr. Heiner is quite confusing because several items are scribbled out, but it appears that he opined that Plaintiff could only occasionally carry up to five pounds. He also opined that Plaintiff could sit or stand continuously for only two hours at a time and that he could only be on his feet for a total of one hour in an eight hour workday. Dr. Heiner further opined that Plaintiff could never stoop, squat, crawl, or climb, and that he was totally restricted from working around unprotected heights or moving machinery. Dr. Heiner noted that Plaintiff's pain and fatigue were moderately severe. *Id.*

The ALJ gave little weight to Dr. Heiner's opinion for several reasons. The ALJ noted that "no diagnostic or clinical findings" were included to support the opinion. A.R.

22.  He further noted that Dr. Heiner's opinion was completed six months after Plaintiff was involved in a motorcycle accident and that nothing in the opinion indicated that the "opinion would meet the duration requirement of 12 continuous months despite treatment." *Id.*  The ALJ also found that the opinion "appears to rely on the subjective complaints of the [Plaintiff]" and noted that Plaintiff was "not entirely credible[.]" *Id.* Additionally, the ALJ observed that Plaintiff was riding his motorcycle "not long after [Dr. Heiner] gave his opinion." *Id.*  Finally, the ALJ stated that Dr. Heiner's opinion did not meet the duration requirement because the "record does not contain any recent progress notes from the doctor that would support his opinion continuing to remain valid." *Id.*

The ALJ did not explicitly identify contradictory evidence, nor was the Court able to locate a discussion of contradictory evidence at any other point in the opinion. Accordingly, the ALJ was required to provide clear and convincing reasons for rejecting Dr. Heiner's opinion.  The Court concludes that the ALJ has met this burden.

As already noted, the ALJ need not accept the opinion of a treating physician if it is brief, conclusory, or inadequately supported by clinical findings.  *See Thomas*, 278 F.3d at 957.  The ALJ concluded that Dr. Heiner's opinion was not supported by any diagnostic or clinical findings.  Plaintiff does not identify clinical evidence or treatment notes from Dr. Heiner in the record, but the Court was able to locate some treatment notes completed by Dr. Heiner.  Some of these records deal with the surgery following Plaintiff's first motorcycle accident in January 2012 and his apparent readmission to the hospital due to an infection.  *See* A.R. 279-81, 288-304.  These notes appear to describe surgical procedures conducted by Dr. Heiner and follow-up examinations conducted while Plaintiff was hospitalized, and do not appear to contain any information about Plaintiff's long-term restrictions.  Another set of notes from Dr. Heiner (A.R. 305-13) are from office follow-up visits that occurred between March and June of 2012.  These notes reveal improvement in Plaintiff's range of motion and ability to walk at each appointment.  These treatment notes support the ALJ's conclusion that limitations

assessed by Dr. Heiner would not be expected to last for more than 12 months.

The ALJ also noted that Plaintiff was "riding his motorcycle" not long after Dr. Heiner's assessment form was completed and found this to be additional evidence that Dr. Heiner's opinion would not meet the duration requirement. This assertion is supported by treatment records from Havasu Regional Medical Center. These records show that Plaintiff was seen on August 13, 2012, less than one month after Dr. Heiner's opinion, because Plaintiff had again fallen off his motorcycle. *See* A.R. 317-21. The fact that Plaintiff was again operating a motorcycle suggests that his limitations were not as severe as those assessed by Dr. Heiner, that Plaintiff continued to improve from his January 2012 motorcycle accident, and that the limitations assessed by Dr. Heiner likely would not be expected to last more than 12 months. The fact that no further treatment records were submitted also supports these conclusions. The ALJ therefore identified clear and convincing reasons for rejecting Dr. Heiner's opinion.

**IT IS ORDERED:**

1. The Commissioner's decision is **affirmed**.
2. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 29th day of August, 2014.

_____
David G. Campbell
United States District Judge